IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**CONNIETTE BASS**                                                                            **PLAINTIFF**

**VS.**                                         **CIVIL ACTION NO. 3:05cv692-WHB-LRA**

**JO ANNE B. BARNHART,**
**Commissioner of Social Security**                              **DEFENDANT**
_____

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

This social security appeal is before the undersigned for a Report and Recommendation regarding the Plaintiff's Motion for Summary Judgment [#8] filed July 27, 2006, the Defendant's Motion for an Order Affirming the Decision of the Commissioner [#11], filed September 22, 2006, and the Plaintiff's Rebuttal Brief [#13] filed September 28, 2006. We have also reviewed the transcript of the hearings before the ALJ and the medical records in evidence. Applying the law regarding Social Security cases, this review compels the recommendation that the final decision of the Commissioner be affirmed. The reasons for this recommendation are set forth hereinbelow.

**Procedural Background**

Conniette Bass appeals from a final decision of the Commissioner denying her application of October 9, 2002, for Supplemental Security Income benefits under Title XVI of the Social Security Act. The Plaintiff

alleged an onset of disability beginning on October 9, 2002, due to depression, hypertension, headaches, panic attacks, anxiety, diarrhea, and passive/aggressive personality disorder.   R. 16, 201-206, 243, 380.   A favorable decision was issued on August 27, 2004, by Administrative Law Judge [hereinafter "ALJ"] Michael J. Carson, but the decision was remanded by the Appeals Council on January 26, 2005.  R. 28-32; 37-41.  A second hearing was conducted, and an unfavorable decision was rendered by Judge Larry J. Stroud on August 18, 2005.  R. 13, 15-20.  The Plaintiff appealed, and the Appeals Council affirmed the ALJ's decision on October 12, 2005, rendering it the final agency determination.   R. 7-10.

## Facts and Medical Evidence

The Plaintiff was born on October 9, 1967, and was thirty seven (37) years old at the date of the second hearing.   She has had past work experience as a maid, cook, cashier, guard, and bag maker. R. 16.  She has a GED education but no other vocational training.  Ms. Bass is a single mother with three children, ages 5, 9 and 19.  She is 4'11" tall and weighed 177 pounds at the time of the hearing.   She last worked on January 16, 2002, in a job as a grill cook.  Prior to that, she made plastic bags at a factory and was a security guard.

Ms. Bass does not drive, has no hobbies, does not exercise, and does not visit friends or relatives.  R. 384.  According to Ms. Bass's testimony,

and/or to the medical records, she suffers from hypertension, diabetes, depression, migraine headaches, panic attacks, anxiety, and passive/aggressive disorder.

The medical evidence regarding the Plaintiff is described in the ALJ's decision, the Plaintiff's Memorandum, and the Commissioner's Memorandum and will not be repeated in depth herein. The records include the following:

> Records from Central Mississippi Medical Center dated 10/18/02 through 11/11/02 – she was treated for headaches, hyperventilating [R. 162-68]; and from 2/28/03 through 5/5/04 [R. 236-256];
>
> Records from Dr. Stella W. Brown, reporting on comprehensive mental status examination, dated 1/17/03 [R. 177-182];
>
> Psychological Assessment of Dr. David D. Powers, Ph.D., dated 2/10/03 [R. 183-196];
>
> Records from the University Family Medicine Associates, PLLC, dated 11/22/02 through 4/24/03 [R. 210-230];
>
> Records from the Hinds Behavioral Health Services, Dr. Andrew Bishop, from 6/23/03 through 5/10/04, and from 6/30/04 through 4/21/05 [R. 258-261; 323-327];
>
> Records from Dr. Jesia Hall-Hill, West Jackson Family Clinic, from 6/18/01 through 5/18/05 [R. 263-310];
>
> Records from OB-GYN Associates PLLC from 5/13/05 through 6/3/05 [R. 329-333].

### **Findings of the Administrative Law Judge**

In the most recent opinion regarding Ms. Bass, rendered August 18, 2005, the ALJ concluded that the Plaintiff's nonsevere diabetes mellitus,

hypertension, and severe depression, do combine to establish severe impairments. R. 19. However, he found that these impairments did not meet or equal any listed impairment. The ALJ concluded that the Plaintiff had no exertional limitations and could perform routine, repetitive tasks, and had the residual functional capacity to perform work which exists in significant numbers in the state and national economies. The Plaintiff could perform jobs which were identified by the vocational expert who testified at the hearing, including box bender, hand packager, and poultry hanger. Accordingly, the Plaintiff was not disabled. R. 19-20.

## **Legal Authorities**

A claimant's entitlement to disability benefits hinges on whether he can establish his inability "to engage in any substantial gainful activity by reason of [a] medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." **Bowling v. Shalala**, 36 F.3d 431, 435 (5th Cir. 1994).

The Commissioner reviews the evidence of disability offered by the claimant and evaluates the evidence by using a sequential evaluation.[1]

---

[1] Taken from 20 C.F.R. § 404.1520, the steps of the sequential evaluation are: (1) Is plaintiff engaged in substantially gainful activity? (2) Does plaintiff have a severe impairment? (3) Does plaintiff's impairment(s) (or combination thereof) meet or equal an impairment listed in 20 C.F.R. Part 404, Sub-part P, Appendix 1? (4) Can plaintiff return to prior relevant work? (5) Is there any work in the national economy that plaintiff can perform?

The evaluation is explained in the case of **McQueen v. Apfel**, 168 F.3d 152, 154 (5th Cir. 1999). The burden of proof on the first four steps falls on the claimant; the burden of proof on the last step, which is whether a claimant can perform work existing in significant numbers in the national economy, rests with the Commissioner.

This Court's review of the ALJ's decision that a claimant is not disabled is limited to two basic inquiries: (1) whether there is substantial evidence in the record to support the [ALJ's] decision; and (2) whether the decision comports with relevant legal standards." **Brock v. Chater**, 84 F.3d 726, 728 (5th Cir. 1996) (citing **Carrier v. Sullivan**, 944 F.2d 243, 245 (5th Cir. 1991)). *See also* **Richardson v. Perales**, 402 U.S. 389, 401 (1971). The Fifth Circuit has defined substantial evidence as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." **Leggett v. Chater**, 67 F.3d 558, 564 (5th Cir. 1995), citing **Anthony v. Sullivan**, 954 F.2d 289, 295 (5th Cir. 1992). Any findings by the Commissioner that are supported by substantial evidence are conclusive. **Ripley v. Chater**, 67 F.3d 552, 555 (5th Cir. 1995).

Applying these standards of law to the facts in Ms. Bass's case, the undersigned recommends that the Commissioner's decision be affirmed.

**The Parties' Statement of the Issues**

The Plaintiff contends that the Commissioner failed to apply the appropriate legal standard to weigh the treating physician's medical opinion as to her ability to work. Dr. Andrew Bishop, M.D., of the Hinds Behavioral Services Center and Jackson Mental Health Center, was her primary treating physician for depression and mental problems. According to the Plaintiff, Dr. Bishop's "medical opinion" was that she was disabled and unable to work, and this opinion was not given the deference and weight due them under 20 C.F.R. § 404.1527(d)(2)[2] and the case of **Newton v. Apfel**, 209 F.3d 448, 455 (5th Cir. 2000).

The Commissioner counters with the argument that the ALJ **did** give the proper weight to Dr. Bishop's treatment records; Dr. Bishop did not submit a "medical opinion" which the ALJ was required to use in assessing the Plaintiff's residual functional capacity ["RFC"]. Therefore, the **Newton** case and 20 C.F.R. § 404.1527(d)(2) are inapplicable. Dr. Bishop provided no opinion as to the Plaintiff's mental **restrictions** and/or about what she

---

[2] 20 C.F.R. §404.1527(4)(d)(2) provides as follows:
Generally, we give more weight to opinions from your treating sources, since these sources are likely to be medical professionals most able to provide a detailed longitudinal picture of your medical impairments and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

could still do despite her mental impairment or whether she could work.  The ALJ did utilize Dr. Bishop's opinion regarding the Plaintiff's actual diagnosis and the severity of her mental illnesses.

## Legal Analysis

The Plaintiff contends that certain statements from Dr. Bishop's records constitute his medical opinion that the Plaintiff is disabled. Specifically, the Plaintiff points to remarks which she contends combine to be an opinion of disability, including:

1. Dr. Bishop diagnosed Plaintiff with major depression, anxiety, passive/aggressive personality disorder, and placed her on the medications of Paxil and Zyprexa, and stated that she "was getting worse and her mental problems were somewhat disabling for her," on 6/24/02; 10/31/02 [R. 199, 202-03];

2. Plaintiff was not sleeping or eating well, still having auditory hallucinations–she has constant anxiety and some depression, restlessness, fidgetiness - 7/22/02 [R. 201];

3. The Plaintiff is "almost catatonic," "having some really catatonic features," on 7/14/04 [R. 326].

The Plaintiff contends that these remarks from the records, along with the twenty pages of other records from Dr. Bishop, constitute a "medical opinion" of disability which must be given considerable weight under the **Newton** case.  Furthermore, even if the ALJ fails to give Dr. Bishop's opinion controlling weight, he should have considered the factors set forth

in 20 C.F.R. § 404.1527(d)³ in doing so and explained in his decision why he was rejecting Dr. Bishop's opinion regarding Ms. Bass's condition.

In **Newton**, the Fifth Circuit held that absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician **only** if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2).  **Newton**, 209 F.3d at 453. The real issue in Ms. Bass's case is whether or not the evidence taken from Dr. Bishop's records does constitute a "medical opinion" that she is disabled.

The undersigned has carefully reviewed the Plaintiff's medical records reflecting her treatment by Dr. Bishop and finds that Dr. Bishop has **not** given his "medical opinion" that Ms. Bass is disabled from all work. A "medical opinion" is defined by the Commissioner in 20 C.F.R. § 416.927(a) as follows:

> Evidence that you submit or that we obtain may contain medical opinions.  Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite

---

³ These factors are used by the Commissioner in determining how much weight to give a medical opinion.  They include a consideration of the (1) examining relationship, (2) treatment relationship [length of the treatment relationship and the frequency of examination, nature and extent of the treatment relationship], (3) supportability, (4) consistency, and (5) specialization.  20 C.F.R. § 404.1527(d)(1) - (5).

>impairment(s), and your physical or mental restrictions.
>
>How we consider medical opinions. In deciding whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive.

Dr. Bishop never gave an opinion as to how Ms. Bass's mental impairments restricted her ability to perform work related activities, nor did he give an opinion as to what activities she could still perform despite her mental impairment. The records **do** contain his opinion on her diagnosis and its severity. Dr. Bishop did not prepare an assessment of her residual functional capacity [RFC] or otherwise discuss her ability to work.

In one report, dated June 24, 2002, Dr. Bishop reported that he had seen Ms. Bass, after four years without having treated her, as she had "come to clinic today to establish her case." R. 202. In that report, Dr. Bishop records her subjective statements and symptoms to him, including "itching skin, feeling like something was crawling on her, anxious, restless, fidgety, broken sleep, not a lot of depression, but a fair amount of worry and anxiety." Dr. Bishop also wrote that Ms. Bass had not been medicated during this period, that her condition was getting worse, and that it "has been somewhat disabling for her." R. 202.

In many parts of Dr. Bishop's records, he indicated that she functioned "fairly well" despite her depression [R. 200, 201, 258, 259, 261, 323, 324,

325] throughout his period of treatment from 2002-2005. The records do reflect that her mental state worsened on three different occasions, two times when she was not under medication. With respect to her July 15, 2004, "near catatonic" symptoms, the records indicate that Ms. Bass was "doing fairly well" after treatment with logical and coherent thought by November 4, 2004. Nowhere does Dr. Bishop state that Ms. Bass was unable to perform work activities. Neither do his records support a finding that her decreased functioning would last for twelve months, as required for a finding of disability under 42 U.S.C. § 1382c(a)(3)(A). Her near catatonic state consisted of only one short episode which responded well to treatment.

Dr. Bishop's records show that Ms. Bass did suffer from depression and anxiety from 2002 through 2005, but that medications were successful in alleviating her symptoms. It is apparent from the ALJ's opinion that he **did** utilize Dr. Bishop's medical records to establish a medical opinion of Ms. Bass's **diagnosis** of her illness and its **severity**. For example, the ALJ accepted that she did suffer from depression and anxiety, and that the condition was **severe**, despite the DDS consultant psychologist's assessment to the contrary. R. 16, 183.

The record does contain "medical opinions" of the Plaintiff's mental functional capacities, those of Dr. Stella Brown and of Dr. David Powers. R. 177-182; R. 183-196. The ALJ adopted these opinions regarding her RFC

and found that Dr. Bishop's treatment records do not conflict with these opinions. These opinions by the non-treating examiners linked the Plaintiff's diagnosed depression to specific functional limitations. For example, Dr. Brown expressed her opinion that Ms. Bass could work under supervision, perform simple routine repetitive activities, learn novel tasks, and perform simple and complex calculations despite her depression. R. 181. Dr. Powers agreed; his opinion was that Ms. Bass's depression was mild and that she could still perform routine, repetitive tasks despite the mild social and concentration difficulties caused by her mental impairment. R. 186, 195.

These "opinions" are not contradicted by Dr. Bishop and constitute substantial evidence for the ALJ's assessment that Ms. Bass's RFC is limited only to routine, repetitive tasks. **Villa v. Sullivan**, 895 F.2d 1019, 1024 (5th Cir. 1990) (an ALJ may rely on non-examining physician's assessment of claimant when assessment is based on careful evaluation of the medical evidence and does not contradict findings of examining physician). The law does require that the opinion of a treating physician generally receive greater weight than that of a non-treating or a non-examining physician. *See* **Oldham v. Schweiker**, 660 F.2d 1078, 1084 (5th Cir. 1981). Yet, when there **is no conflict** among the physicians' opinions, this general principle does not apply. *See* **Carry v. Heckler**, 750 F.2d 479, 484 (5th Cir. 1985) (This principle is only relevant where there is a conflict in the medical

evidence. We find no important conflict here."

As in **Carry**, we agree with the Commissioner that there is no material conflict in the physicians' opinions in Ms. Bass's case. Dr. Bishop gave no "medical opinion" regarding her ability to work or her RFC. His report that she was on one occasion "nearly catatonic" simply does not amount to an opinion that she cannot work. None of his other reports regarding her mental condition reflect an opinion that she cannot work. His other treatment notes confirm that Ms. Bass's condition was more often than not successfully treated with medication. The requirements set forth in the **Newton** case and the factors set in 20 C.F.R. § 404.1527(d) simply do not come into the analysis of Ms. Bass's disability claim.

The undersigned's review of the record compels a finding that substantial evidence, as defined by the law, supported the ALJ's decision of nondisability. This included the reports of Drs. Bishop, Brown, and Powers. No legal errors were made which would allow or require this Court to reverse the decision.

## Conclusion

For all of the above reasons, it is the opinion of the undersigned United States Magistrate Judge that the Plaintiff's Motion for Summary Judgment be **denied**; that the Defendant's Motion for Order Affirming the Commissioner be **granted**; that the Plaintiff's appeal be dismissed with

prejudice; and, that Final Judgment in favor of the Commissioner be entered.

The parties are hereby notified that failure to file written objections to the findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from challenging such findings and recommendations on appeal.  28 U.S.C. §636, **Nettles v. Wainwright**, 677 F.2d 404 (5th Cir. 1983).

This the 19th day of January, 2007.


S/ Linda Randle Anderson
UNITED STATES MAGISTRATE JUDGE